Derek J.T. Adler
Webster D. McBride
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
(212) 837-6000

Attorneys for Applicant

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re:

APPLICATION OF
SATFINANCE INVESTMENT LIMITED
For an Order to Take Discovery
Pursuant to 28 U.S.C. § 1782.

Misc. Case No. ___

---

## *EX PARTE* APPLICATION FOR U.S. DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782

Applicant, Satfinance Investment Limited ("SIL" or "Applicant"), by its undersigned attorneys, hereby applies for an Order pursuant to 28 U.S.C. § 1782 granting Applicant permission to serve discovery requests on (i) Athena Art Finance Corp. ("Athena"); (ii) G. Andrea Danese, former Chief Executive of Athena; and (iii) YieldStreet Inc. ("YieldStreet") seeking documents, interrogatory responses and deposition testimony for use in an ongoing civil action pending in London before the High Court of Justice for England and Wales, Business and Property Courts (the "English Court") entitled *Satfinance Investment Ltd. v. Philbrick, et al.*, [2019] EWHC 1998 (the "London Proceeding").

This Application is supported by the concurrently-filed Declaration of Derek J.T. Adler dated November 26, 2019 (the "Adler Declaration") and the exhibits thereto, including proposed subpoenas and proposed interrogatories.

Section 1782 gives the United States District Courts power to order discovery from persons in the United States for use in foreign proceedings.  It provides in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  In pursuit of the "twin goals" of "provid[ing] equitable and efficacious discovery procedures in the United States courts for the benefits of tribunals and litigants involved in litigation with international aspects, and . . .  encourag[ing] foreign countries by example to provide similar means of assistance to our courts," Section 1782 "has, over the years, been given increasingly broad applicability."  *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012) (internal citations and quotation marks omitted).

The London Proceeding concerns a dispute regarding the ownership of "Humidity," a 1982 painting by Jean Michel Basquiat (the "Painting").  Applicant, who is the claimant in the London Proceeding, acquired title to the Painting in August 2016 pursuant to a transaction with art dealer Inigo Philbrick, doing business under the name Inigo Philbrick Limited ("IPL").  It has recently come to light that IPL subsequently purported to transfer the Painting, without SIL's consent or authorization, to 18 Boxwood Green Limited ("Boxwood"), an entity owned by Mr. Philbrick, and that Boxwood in turn purported to pledge the Painting as collateral for a $9.5 million loan, which value Athena arrived at by assigning a $19 million value to the Painting and lending at a 50% loan-to-value ratio.  In the London Proceeding, Applicant seeks a declaration

confirming its full legal and beneficial ownership of the Painting, along with related injunctive and monetary relief.

By the present Application, Applicant seeks to take discovery from Athena, from Athena's former Chief Executive, and from a company that has recently acquired Athena, regarding the very transactions that give rise to the London Proceeding.  Each of the parties from which discovery is sought is in New York, and each of them holds documents and information relevant to the claims and defenses in the London Proceeding.  Although Athena has been named as a defendant in the London Proceeding, it is appearing in that proceeding for the limited purpose of contesting the jurisdiction of the English court.  Meanwhile Athena is already in contempt of an order of the English court that directed it, *inter alia*, to provide some of the information sought from it by the present Application.  Athena's former Chief Executive Mr. Danese, and its parent company YieldStreet, are not parties to the London Proceeding.  The discovery sought herein is, accordingly, not otherwise available within the context of the London Proceeding.

Because this Application satisfies each of Section 1782's threshold statutory requirements, as well as the discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249, 264–65 (2004), this Court should grant this Application and order the requested discovery.

Applicant urgently needs to obtain the information sought herein.  Athena has stated that it has possession of the Painting, but has refused to divulge the current location where the Painting is held.  This creates a serious and immediate risk for Applicant because Applicant, which contends that it is the only party with a valid insurable interest in the Painting, cannot obtain insurance on the Painting unless it can inform an insurer where the Painting is located.

Athena has ignored SIL's solicitors' demand to provide information confirming that the Painting is currently insured, and that such insurance would cover Applicant's interest.

### The Parties

Applicant is a company incorporated under the laws of the British Virgin Islands, with its principal place of business located at Zenobia Management SA, Av. Claude-Nobs 14, 1820 Montreux, Switzerland.  Applicant is the claimant in the London Proceeding.

Athena is a corporation organized under the laws of Delaware, with its principal place of business at 300 Park Avenue, 15th Floor, New York, New York 10022.

Mr. Danese was Athena's Chief Executive during the period relevant to the transactions at issue in the London Proceeding.  Upon information and belief, he resides in New York and is currently employed at Artem Advisors LLP.

YieldStreet is a corporation organized under the laws of Delaware, with its principal place of business at 300 Park Avenue, 15th Floor, New York, New York 10022.  On information and belief, YieldStreet acquired Athena in or around April 2019.

### Jurisdiction and Venue

Jurisdiction and venue in this Court are proper pursuant to 28 U.S.C. § 1782 because this Application seeks discovery from persons residing or found within the Southern District of New York for use in a proceeding in a foreign tribunal.

### Factual Background

The facts giving rise to this Application and the precise discovery Applicant seeks to take are set forth in detail in Mr. Adler's Declaration and the exhibits thereto.

## Legal Basis for Relief Requested

### I.  THIS APPLICATION SATISFIES THE STATUTORY REQUIREMENTS FOR OBTAINING DISCOVERY UNDER SECTION 1782.

To demonstrate entitlement to an order under Section 1782(a), an applicant must show that: (i) the person from whom discovery is sought "resides or is found" within the United States judicial district in which the application is brought; (ii) the discovery sought is "for use in a foreign proceeding before a foreign tribunal"; and (iii) the application is made by an "interested person." *E.g.*, *Gorsoan Ltd. v. Bullock*, 652 F. App'x 7, 8 (2d Cir. 2016).  Each of these elements is satisfied here.

The first statutory requirement is satisfied because both Athena and YieldStreet are headquartered and based in New York City, while Mr. Danese, upon information and belief, also resides and works in New York City.[1]

The second statutory requirement is satisfied because Applicant seeks discovery for use in a civil action currently pending before a court in England.  A lawsuit pending in a foreign court is plainly "a proceeding in a foreign or international tribunal" within the meaning of Section 1782(a).  *See, e.g.*, *In re PJSC Uralkali for an Order Pursuant to 28 U.S.C. § 1782*, No. C18-1673JLR, 2019 WL 291673, at *7 (W.D. Wash. Jan. 23, 2019) (granting Section 1782 application for use in litigation before an English court).  Not only is the requested discovery relevant to the London Proceeding under Fed. R. Civ. P. 26(b), *see In re Sveaas*, 249 F.R.D. 96, 106–08 (S.D.N.Y. 2008) ("The proper scope of the discovery sought under Section 1782, like all federal discovery, is governed by Federal Rule 26(b)."), but the London Court itself has requested that Athena provide some of the information sought.  (*See* Adler Decl. ¶ 13 & Ex. D.)

---

1.  Applicant proposes to seek information from Athena regarding Mr. Danese's last known work and home addresses.  If it turns out that Mr. Danese does not, in fact, reside or work in the Southern District of New York, Applicant will not pursue discovery from him pursuant to an order based on the current Application.

Finally, Applicant, who is the claimant in the London Proceeding, is plainly an "interested person" within the meaning of Section 1782(a).  *See, e.g.*, *Intel*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may involve § 1782."); *Lancaster Factoring Co. v. Mangone*, 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to § 1782 makes plain that 'interested person' includes 'a party to the foreign . . . litigation.'"); *In re Application of 000 Promneftstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding*, 134 F. Supp. 3d 789, 790 (S.D.N.Y., 2015) (granting Section 1782 application made by plaintiff in foreign action).

## II.   THE DISCRETIONARY FACTORS WEIGH IN FAVOR OF GRANTING THE REQUESTED DISCOVERY.

Once the three threshold conditions are met, district courts may consider four discretionary factors in determining whether to order discover pursuant to Section 1782, namely: (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (ii) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (iv) whether the request is "unduly intrusive or burdensome."  *In re del Valle Ruiz*, 939 F.3d 520, 533–34 (2d Cir. 2019) (quoting *Intel*, 542 U.S. at 264–65).  Each of those discretionary factors weighs decisively in favor of granting SIL's Application here.

A.   *None of the Parties From Which Discovery Is*
     <u>*Sought Is Participating in the London Proceeding.*</u>

The *Intel* Court found that "the need for § 1782(a) aid generally is [more] apparent . . . when evidence is sought from a nonparticipant in the matter arising abroad" because the evidence may be outside the foreign tribunal's jurisdictional reach.  *See Intel*, 542 U.S. at 264. Here, none of the parties from which discovery is sought is a participant in the London Proceeding.  Neither YieldStreet nor Mr. Danese is named as a defendant in the London Proceeding.  While Athena is a named defendant, it has stated that it will appear in the London proceeding only for the purpose of contesting the jurisdiction of the English Court.  Athena's contention that it is not within the English Court's jurisdiction weighs *in favor* of discovery under 1782.  *See In re Request For Judicial Assistance From the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) (holding that if the discovery target, a "nominal party" in the foreign proceeding there at issue, was correct, "and the [foreign tribunal] in fact does not have proper personal jurisdiction over him, this actually militates in favor of granting the request for assistance.").

B.   <u>*The London Court Would Be Receptive to the Discovery Sought.*</u>

The second *Intel* factor—whether the foreign tribunal would be receptive to the evidence sought—also weighs in favor of granting this Application.  *Intel*, 542 U.S. at 264.  An applicant under Section 1782 bears a light burden in showing the receptivity of the foreign court.  "[O]nly upon *authoritative* proof that a foreign tribunal would *reject* evidence obtained with the aid of section 1782, should a district court refrain from granting the assistance offered by the act." *Esses v. Hanania (In re Application of Esses)*, 101 F.3d 873, 876 (2d Cir. 1996) (emphasis added) (internal quotation marks omitted).

It is well-known that the English courts are receptive to discovery obtained under Section 1782.  *See, e.g.*, *In re Emergency Ex Parte Application of Godfrey*, No. 17-21631-CV, 2018 WL 1863749, at *10 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted sub nom. In re Godfrey*, No. 17-21631-CIV, 2018 WL 1859344 (S.D. Fla. Mar. 15, 2018) (collecting cases "recogniz[ing] that English courts are generally receptive to § 1782 discovery").

C.      *The Application Does Not Contravene English Law.*

The third discretionary *Intel* factor seeks to identify "[w]hether the § 1782 request conceals a[n] attempt to circumvent foreign proof-gathering restrictions."  *Intel*, 542 U.S. at 264–65.  No such circumvention is intended here, where discovery is sought from parties who are not otherwise expected to provide evidence for use in the London Proceeding.  Indeed, the present Application is brought in part to obtain evidence that Athena has refused to provide pursuant to an express order from the English Court.  (Adler Decl. ¶¶ 13, 15–16 & Ex D.)  In any event, district courts considering Section 1782 requests for discovery for use in the English courts have found that subpoenas seeking U.S.-style discovery from parties in the U.S. do not circumvent any English restrictions on proof gathering.  *See, e.g.*, *In re PJSC Uralkali for an Order Pursuant to 28 U.S.C. § 1782*, 2019 WL 291673, at *5 (allowing Section 1782 discovery for use in litigation pending before the High Court of Justice for England and Wales, Business and Property Courts, after "find[ing] no indication that [applicant] seeks to circumvent any evidence-gathering restrictions that may be imposed by the English Court").[2]

---

2.  It is well-settled that Section 1782 does not require that the discovery sought would otherwise be obtainable by way of pretrial disclosure in the foreign tribunal.  *See Intel*, 542 U.S. at 243 ("Section 1782 does not impose a foreign-discoverability requirement.").

D.     *The Discovery Sought Is Not Unduly Burdensome.*

The fourth *Intel* factor—whether the Discovery Sought is not unduly intrusive or burdensome—also favors granting SIL's Application.  In considering this factor, the court should "assess whether the discovery sought is overbroad or unduly burdensome by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure." *See Mees v. Buiter,* 793 F.3d 291, 302 (2d Cir. 2015).  The Second Circuit "has generally encouraged district courts to take a permissive approach and 'reconcile whatever misgivings [they] may have about the impact of [their] participation in the foreign litigation by issuing a closely tailored discovery order rather than by simply denying relief.'" *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 (2d Cir. 1995).  This factor requires only that "the subject matter of the request be reasonably tailored to speak to the claims and defenses raised in the [foreign] proceedings at issue."     *In re Application of Consellior Sas*, No. 16MC00400, 2017 WL 449770, at *2 (S.D.N.Y. Feb. 2, 2017) (brackets omitted).

The discovery sought here meets this standard.  The discovery sought would be completely routine in a U.S. proceeding being conducted under the Federal Rules.  Applicant seeks documents and testimony concerning events that are at the heart of the London Proceeding, *i.e.*:  (i) the chain of ownership of the Painting that is the subject of the London Proceeding; (ii) the security agreement and related transactions under which Athena asserts a security interest in the Painting superior to Applicant's interest; and (iii) the jurisdictional contacts between Athena and the English forum.  There is no reason to believe that the volume of materials responsive to the subpoenas will be unduly large, or that gathering such materials will be unduly burdensome.  The documents, information and testimony that are the subject of the requested subpoenas and interrogatories should be readily accessible to the parties from which disclosure is sought.

Section 1782 gives the Court broad discretion with respect to the "practice and procedure" to be followed in taking discovery for use in a foreign proceeding, but provides that "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the documents or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782.  Here, Applicant seeks leave to serve Rule 45 subpoenas seeking (i) documents from Athena, Mr. Danese and YieldStreet; (ii) a deposition of Mr. Danese; and (iii) Rule 30(b)(6) depositions of Athena and YieldStreet, all of which are in accordance with normal practices permitted under the Federal Rules of Civil Procedure.

Applicant seeks to make one deviation from the Federal Rules, *i.e.*, seeking leave to serve Interrogatories (10 in number) on Athena, *see, e.g.*, *In re Application of The Islamic Republic of Pakistan for an Order Permitting Discovery Pursuant to Section 28 U.S.C. § 1782*, Misc. Action No. 18-103, at *19 (D.D.C. Apr. 10, 2019) (permitting service of interrogatories under section 1782 on U.S. non-party for use in foreign proceedings), which would not generally be permitted under Rule 45 in relation to a non-party.  Applicant respectfully submits that proceeding by way of interrogatories to Athena is the best way to effectuate the English Court's order directing Athena to provide a "witness statement made by a responsible officer" stating certain information (*see* Adler Decl. Ex. D at 3), and is the most efficient way to require Athena to provide certain additional categories of information that would commonly be sought by way of initial interrogatories addressed to a party in U.S. proceedings.  Athena has in fact been named as a defendant in the London Proceeding, although it is contesting the English Court's jurisdiction.

## III.    **THE COURT SHOULD GRANT THIS APPLICATION *EX PARTE*.**

It is the general practice for Section 1782 applications to be addressed on an *ex parte* basis.  *See e.g., Gushlack v. Gushlack*, 486 Fed. App'x 215, 217 (2d Cir. 2012) ("[I]t is neither

uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*."); *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("We do not find any of the other objections raised by the witnesses to be persuasive. Letters Rogatory [issued under § 1782] are customarily received and appropriate action taken with respect thereto *ex parte*."); *In re Ex Parte Application of Societe D'Etude De Realisation*, No. 13-mc-0266, 2013 WL 6164435, at *2 n.1 (E.D. Pa. Nov. 22, 2013) (collecting cases) ("[A] survey of *Intel*'s citing references reveals that the use of *ex parte* applications is widespread and, in many cases, unremarked upon (and thus approved of *sub silento*).").

### Relief Requested

WHEREFORE, Applicant respectfully requests that this Court enter an Order granting this Application and:

(a)   authorizing Applicant, through its attorneys, Hughes Hubbard & Reed LLP, to issue and serve on Athena, Mr. Danese and YieldStreet the subpoenas and interrogatories in the form attached as Exhibits H–N to Mr. Adler's Declaration;

(b)   directing Athena, Mr. Danese and YieldStreet to produce documents and provide testimony in accordance with those subpoenas and to answer those interrogatories; and

(c)   granting such further and other relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
      November 26, 2019

HUGHES HUBBARD & REED LLP


By:  */s/ Derek J.T. Adler*
     Derek J.T. Adler
     Webster D. McBride
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726

*Attorneys for Applicant*
*Satfinance Investment Limited*

11